## STATE v. INGVALD SOLIE.[1]

### June 22, 1917.

### Nos. 20,412—(10).

**Verdict sustained.**

    1. The evidence sustains the verdict.

**Amendment of complaint.**

    2. The court has power in a bastardy case to allow an amendment to the complaint. It was not error to do so in this case.

**Charge to jury.**

    3. There was no error in giving a certain instruction to the jury.

Bastardy proceedings begun in the municipal court of Crookston. Defendant was bound over to the district court for Polk county and tried before Watts, J., and a jury which returned a verdict of guilty.

[1]Reported in 163 N. W. 505.

From an order denying his motion for a new trial, defendant appealed. Affirmed.

*E. O. Hagen,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *G. A. Youngquist,* County Attorney, for respondent.

BUNN, J.

This is a bastardy case. Defendant was found guilty, and appeals from an order denying a new trial.

The main contention of defendant on this appeal is that the verdict is not justified by the evidence. From the nature of the case it is not desirable to state the evidence or discuss it. We have, however, carefully considered the record, and reach the conclusion that the verdict is not fairly subject to attack on this ground. The evidence is conflicting, and there was naturally not much direct evidence in corroboration of the complaining witness, but the case was plainly for the jury and its decision must stand.

The court on the trial permitted the state to amend the original complaint in a certain particular. This was done over defendant's objection and is assigned as error. When it is remembered that this proceeding, though criminal in form, is in reality a civil proceeding, there is no difficulty in holding that no error was made in allowing the amendment. Defendant could not have been prejudiced, as he could never have been in any doubt of the exact charge against him.

There is a claim of error in giving an instruction as to the average period of gestation. There is no merit in this claim. While this is a question of fact, it is a fact of which judicial notice is taken, and it is entirely proper for the court to give the information to the jury.

·Order affirmed.